# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| JING-OU LIU (pro se) | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ASTELLAS PHARMA GLOBAL DEVELOPMENT AND ASTELLAS PHARMA | ) |
| | ) 11-cv-06002 |
| | ) Judge Edmond E. Chang |
| Defendants. | ) Magistrate Judge Martin C. Ashman |

**FILED AUG 29 2011 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

## COMPLAINT

Plaintiff Jing-ou Liu ("Liu"), for his pro se complaint against Defendants Astellas Pharma Global Development ("APGD"), a wholly-owned subsidiary of Astellas Pharma ("Astellas") to redress discrimination in violation of applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.* states as follows:

### Parties

1. Plaintiff Liu is a resident of Long Grove, Illinois. He was born in the Inner Mongolia Autonomous Region in China. He came to the United States in 1990 and became a U.S. citizen in 1999.

2. Defendant Astellas is a Japanese pharmaceutical company headquartered in Tokyo, Japan.

3. On information and belief, Defendant AGPD is a wholly-owned subsidiary (or in the alternative is a division) of Astellas with its headquarters in Deerfield, Illinois. AGPD employs a few hundred persons in the U.S. Therefore, AGPD is subject to Title VII jurisdiction.

## JURISDICTION AND VENUE

4. On March 4, 2010, within three hundred days of being terminated by the Defendants, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. A copy of his charge is attached hereto as Exhibit A.

5. On June 1, 2011, within 90 days before the filing of this case, the EEOC mailed a notice of the right to sue as issued by the EEOC. A copy of the right to sue letter is attached as Exhibit B.

6. Therefore, this Court has federal question subject matter jurisdiction under 28 U.S.C. §1331 and applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.* (as asserted by all three plaintiffs) and the Age Discrimination In Employment Act, 29 U.S.C. §623 (a)(1).

7. Venue in this District is proper as the Defendant resides in this District and the acts giving rise to these claims occurred in this District.

## CLAIMS

8. Research Data Science (RDS) is a department within APGD comprised of the Biostatistics, SAS Programming, and Data Management departments. There are around 90 employees in RDS, 26 within Biostatistics and 20 in SAS Programming.

9. Until the termination of his employment, Liu was employed by AGPD since 2004 as the Director of Biostatistics in Research Data Science.

10. At all relevant times since 2004 (until the termination of his employment), Liu reported to William Zhao who served as head of Research Data Science in APGD.

11. Plaintiff is entitled to the protections of Title VII based on race and/or national origin.

12. AGPD is a company that promotes an atmosphere of racial and ethnic discrimination that is manifested in numerous ways amounting to patterns and practices of discrimination and hostile work environments. Specifically:

   a. Persons of minority races, including persons of Chinese ancestry are disadvantaged and disfavored within AGPD/Astellas.

   b. In the United States, Caucasians are viewed by AGPD as superior to other racial and ethnic groups such as African Americans and non-Japanese Asians. Women and older persons are also disfavored.

   c. This bias manifested itself in numerous ways including discriminatory promotions and the discriminatory enforcement of company rules whereby minorities were disciplined or otherwise disadvantaged for matters that were overlooked for Caucasians.

13. The pattern and practice of discrimination and hostile work environment at AGPD described above exists within the Deerfield headquarters of AGPD and it reflects an unwritten policy of this Defendant.

14. The pattern and practice of discrimination and hostile work environment at AGPD described above applies in greater force the higher an individual might be promoted or seek to be promoted within AGPD. On information and belief at or above Director and department head level (including promotion to Sr. Director) for at least six years through and including January 2010, all promotions happened to Caucasians, all disciplinary actions that led to terminations were against non-Caucasians.

15. On January 7, 2010, as part of the pattern and practice of discrimination and hostile work environment alleged herein and based on their national origin and race, Liu and two

colleagues were terminated by AGPD.

16. The reasons given by AGPD for Liu's termination were phony and pretextual and reflected the pattern of discriminatory treatment, as similarly situated Caucasians who had engaged in the same or like conduct were not disciplined, let alone terminated. Without limitation, this includes an individual named David Facklam.

17. Further, the phony reasons put forth by AGPD were calculated to intimidate and embarrass the Plaintiff and to cause him to leave quietly, instead of pursuing his rights under law.

18. These terminations were part of a continuing course of race and national origin discrimination in Liu's employment, the last act of which occurred within three hundred (300) days before they filed charges of discrimination with the EEOC.

19. As a consequence of his termination Liu has suffered emotional distress.

20. Liu hereby charges discrimination in his termination based on race and/or national origin.

21. The conduct of AGPD/ was willful and intentional.

22. Liu has been injured by conduct of AGPD and such injuries will project into the future.

### Requests for Relief

Plaintiff Liu seeks all relief to which he is entitled under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race and national origin, including backpay and front pay, and consequential damages including damages for emotional distress. Liu's demands include both monetary and non-monetary remuneration including bonuses and incentives that he would have received but for his termination (based on work performed prior to his termination

4

and going forward). In the alternative, he demands reinstatement. In addition, Liu demands punitive damages in an amount sufficient to punish AGPD/Astellas and deter others from like misconduct, costs of suit, reasonable attorneys' fees and such further relief as is just and appropriate.

*[signature]*
Jing-ou Liu , pro se

**CONTACT INFORMATION ---**

5212 Briarcrest Lane
Long Grove, IL 60047

Phone: 847.932.0032
Cell: 908.416.5858

Email: jeen_liu@yahoo.com

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 440-2010-02714 |

Illinois Department of Human Rights — and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Jing-Ou Liu | (847) 932-0032 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 5212 Briarcrest Lane | Long Grove, Illinois 60047 | 9/16/1968 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Astellas Pharma Global Development | 1000+ | 800-695-4321 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3 Parkway North | Deerfield, Illinois 60015 | Lake |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☒ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)     LATEST (ALL)
1/2010

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

SEE ATTACHED STATEMENT OF PARTICULARS

MAR 0 4 2010

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]* Atty For
Date — Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EXHIBIT A

EEOC FORM 5 (Test 10/94)

## STATEMENT OF PARTICULARS
## IN SUPPORT OF CHARGE OF CHARGE OF DISCRIMINATION

Claimant Jing-ou Liu ("Liu") hereby submits this Statement of the Particulars in support of his charges against Respondent Astellas Pharma Global Development ("APGD"), a wholly-owned subsidiary of Astellas Pharma ("Astellas") to redress discrimination on the basis of race and national origin in violation of applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq*.

### Facts

1.  Claimant Liu is a resident of Long Grove, Illinois. He was born in the Inner Mongolia Province of China. He came to the United States in 1990 and became a U.S. citizen in 1999.

2.  Respondent Astellas is a Japanese pharmaceutical company headquartered in Tokyo, Japan.

3.  On information and belief, respondent AGPD is a wholly-owned subsidiary (or in the alternative is a division) of Astellas with its headquarters in Deerfield, Illinois. AGPD employs a few hundred persons in the U.S. Therefore, AGPD is subject to Title VII jurisdiction.

4.  Research Data Science (RDS) is a department within APGD comprised of the Biostatistics, SAS Programming, and Data Management departments. There are around 90 employees in RDS, 26 within Biostatistics and 20 in SAS Programming.

5.  Liu has been employed by AGPD since 2004 as the Director of Biostatistics.

6.  At all relevant times since 2004 Liu has reported to William Zhao ("Zhao"), who is also of Chinese ancestry, and who was employed as the Senior Director of Research Data Science at Astellas/AGPD.

7. As a person of Chinese ancestry, Liu is entitled to the protections of Title VII based on race and/or national origin.

8. AGPD/Astellas are companies that promote an atmosphere of racial and ethnic discrimination that is manifested in numerous ways amounting to patterns and practices of discrimination and hostile work environments. Specifically:

    a. There is a belief in the dominant culture. The Japanese culture is viewed as superior to other cultures.

    b. Persons of Chinese ancestry are disadvantaged and disfavored within AGPD/Astellas.

    c. In the United States, Caucasians are viewed as superior to other racial and ethnic groups such as African Americans and non-Japanese Asians, but not as superior to the Japanese themselves. Women and older persons are also disfavored.

9. The pattern and practice of discrimination and hostile work environment at AGPD/Astellas described above exists within the Deerfield headquarters of AGPD.

10. On January 7, 2010, based on their national origin and race, Liu and Zhao were terminated by AGPD/Astellas.

11. The reasons given by AGPD for these terminations were phony and pretextual. Further, the phony reasons put forth by AGPD were calculated to intimidate and embarrass Liu and to cause him to leave quietly, instead of pursuing his rights under law.

12. These terminations were part of a continuing course of race and national origin

discrimination in Liu's employment, the last act of which occurred within three hundred (300) days.

13. Liu hereby charges discrimination in his termination.

14. The conduct of AGPD/Astellas was willful and intentional.

15. Liu has been injured by conduct of AGPD/Astellas, and such injuries will project into the future.

### Requests for Relief

Liu seeks all relief to which he is entitled under Title VII of the Civil Rights Act of 1964 for discrimination on the basis of race and national origin, including back pay, and consequential damages including damages for emotional distress. Liu also demands front pay (including the value of deprived long term incentives as well as monetary remuneration) or in the alternative, he demands reinstatement. In addition, Liu demands punitive damages in an amount sufficient to punish AGPD/Astellas and deter others from like misconduct, costs of suit, reasonable attorneys' fees and such further relief as is just and appropriate.

Respectfully submitted,

Claimant Jing-ou Liu

Date: March 3, 2010          By: _____
                                  Carmen D. Caruso, Esq.
                                  One of his attorneys

Carmen D. Caruso, #6189462
LAW OFFICE OF CARMEN D. CARUSO. P.C.
77 W. Wacker Drive, Suite 4800
Chicago, Illinois 60601
Phone: (312) 606-8640
Fax: (312) 276-8646
cdc@cdcaruso.com


Gary D. Abrams, #0005010
Gary D. Abrams and Associates, Ltd.
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
Phone: (312) 263-4085
Fax: (312) 641-6959
gda44@comcast.net

EEOC Form 161-B (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Jing-Ou Liu<br>c/o Gary D. Abrams, Esq.<br>Law Offices of Gary D. Abrams and Associates, Ltd.<br>55 West Monroe Street, Suite 1200<br>Chicago, IL 60603 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

**CERTIFIED MAIL** 7011 0110 0001 8772 2833

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2010-02714 | Daniel Gajda,<br>Investigator | (312) 869-8131 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

John P. Rowe,     6/4/11
District Director     *(Date Mailed)*

cc:     **ASTELLAS PHARMA GLOBAL DEVELOPMENT**


EXHIBIT B